UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CASE NO. 6:10-cr-281-Orl-31KRS

EFRAIM DIVEROLI,

    Defendant.

## ORDER

Defendant has filed a Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss Information (Doc. No. 87). The Court denied Defendant's Motion to Dismiss Information based on the Government's argument that the Court lacked jurisdiction over the merits of Defendant's conviction because a direct appeal is pending. (Doc. No. 86.)

Defendant's motion to dismiss the information is premised on Federal Rule of Criminal Procedure 12(b)(3)(b). *See* Doc. No. 83. "Rule 12(b)(3)(B) authorizes the district courts, 'at any time while the case is pending'" to hear a claim that the indictment fails to invoke the court's jurisdiction or to state an offense." *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009) (quoting Fed. R. Crim. P. 12(b)(3)(B)). The Eleventh Circuit has held that a case is pending for purposes of Rule 12(b)(3)(B) until mandate has issued on direct appeal. *Id.*; *see also United States v. Smith*, 419 F. App'x 954 (11th Cir. 2011). Thus, this

Court maintains jurisdiction to consider Petitioner's motion to dismiss, and the Order Denying the Motion to Dismiss Information (Doc. No. 86) is hereby vacated. The Court, therefore, will address the merits of Defendant's Motion to Dismiss Information (Doc. No. 83) hereinafter.

## I. Factual Background

Defendant and others were indicted in the United States District Court for the Southern District of Florida on eighty five counts of conspiracy to make false statements, to commit major fraud against the United States, and to commit wire fraud, all in violation of 18 U.S.C. § 371. *United States v. AEY, Inc., et. al.*, 1:08-CR-20574-JAL2, Doc. No. 1. On August 28, 2009, Petitioner entered a plea of guilty to conspiracy to make false statements in violation of 18 U.S.C. § 1001(a)(2), conspiracy to commit major fraud against the United States in violation of 18 U.S.C. § 1031, and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371. *Id*. at Doc. Nos. 326, 350. The district court sentenced Petitioner on January 3, 2011, and judgment was entered on January 5, 2011. *Id*. at Doc. No. 1047.

Defendant was charged by information in the instant case on October 19, 2010, with possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 17.) The information charged that Defendant was convicted on August 28, 2009, in the United States District Court for the Southern District of Florida in case number 08-20574-CR-LENARD(s) of conspiracy to make false statements, to commit major fraud against the United States, and to commit wire fraud in violation of 18 U.S.C. § 371.

*Id.* Pursuant to a plea agreement, Defendant entered a plea of guilty to the charge on October 29, 2010, and was sentenced on September 1, 2011, to a forty-eight month term of imprisonment with half of the sentence to run consecutive and half of the sentence to run concurrent to Defendant's sentence for the Southern District of Florida conviction. (Doc. No. 62.)

## II.   *Analysis*

Defendant first asserts that the information should be dismissed because the information failed to state an offense for which he could be convicted because at the time of the alleged offense he was not a convicted felon. In support of this argument, Defendant notes that he was not sentenced in the Southern District case until January 3, 2011, after the date of the offense charged in the instant case. Thus, Defendant contends that he was not a convicted felon at the time of the alleged offense, and thus, the information failed to state an offense for which he could be convicted.

In discussing Rule 12(b)(3)(B) motions to dismiss an indictment for failure to state an offense, the Eleventh Circuit has held:

> "[t]he sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Id.* (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and

> circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (internal quotation marks omitted).
>
> In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). It is well-settled that "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

*United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis added).

The face of the information in this case establishes that it contained the elements of the charged offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sufficiently apprised Defendant of the accusations against him. (Doc. No. 17.) Although Defendant may not have actually been a convicted felon at the time of the offense, a finding not made at this time, the information charged that Defendant was in fact convicted of a felony in violation of 18 U.S.C. § 371. This Court is prohibited from dismissing the information based on a determination of fact that Defendant was not actually convicted on August 28, 2009, as charged in the information because such determination of fact is one that should have been developed at trial. Thus, Defendant's first argument must be denied.

Defendant next contends that the information failed to state an offense for which he could be convicted because his prior offense is exempted by 18 U.S.C. § 921(a)(20)(A). Pursuant to 18 U.S.C. § 921(a)(20)(A), also known as the business practices exception, the term "crime punishable by imprisonment for a term exceeding one year" as found in 18

U.S.C. § 922(g)(1) does not include "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices. . . ." To determine whether the business practices exception applies, courts must determine whether "the targeted offense requires the Government to prove an effect upon competition [or consumers] as an element of the offense. . . ." *United States v. Coleman*, 609 F.3d 699, 705 (5th Cir. 2010); *United States v. Schultz*, 586 F.3d 526, 530 (7th Cir. 2009) (holding that in order for an offense to be included within § 921(a)(20)(A)'s exception, the Government must "have been required to prove, as an element of the predicate offense, that competition or consumers were affected; possible incidental effects are not relevant."); *United States v. Stanko*, 491 F.3d 408, 421 (8th Cir. 2007) (holding that a prior conviction under the Federal Meat Inspection Act was not exempted by § 921(a)(20)(A) because "none of the provisions of the [Act] require the Government to prove an effect upon competition or commerce as an element of the offense."); *United States v. Meldish*, 722 F.2d 26, 28 (2d Cir. 1983) (refusing to apply the business practices exception because the defendant's prior conviction "in no way depends upon whether it has an effect on competition or consumers."). To do so, courts must examine the elements of both the conspiracy statute and the elements of the target offenses of the conspiracy conviction. *Coleman*, 609 F.3d at 705.

Defendant's underlying conviction was for conspiracy to make false statements, to commit major fraud against the United States, and to commit wire fraud in violation of 18 U.S.C. § 371. The target offenses of the charged conspiracy were making fraudulent

5

representations to the Government in violation of 18 U.S.C. § 1001(a)(2), obtaining money by means of fraudulent pretenses in violation of 18 U.S.C. § 1031, and wire fraud in violation of 18 U.S.C. § 1343.

"[A] conviction for conspiracy under § 371 requires that the Government show: (1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *Id*. at 704 (citing *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir. 2001)). "A conviction under 18 U.S.C. § 1001(a)(2) requires proof of five elements: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." *United States. v. Tomlin*, 2012 WL 6199905, *2 (11th Cir. 2012) (citing *United States v. Lawson*, 809 F.2d 1514, 1517 (11th Cir. 1987)). The elements of the offense of major fraud against the Government under 18 U.S.C. § 1031 are (1) knowingly executing or attempting to execute a scheme with the intent to (a) defraud the Government or (b) obtain money by means of false or fraudulent pretenses, representations and promises, (2) in any grant, contract, or in procurement of property or services as a prime contractor with the United States, and (3) the value of the contract was one million dollars or more. *See United States v. Nolan,* 223 F.3d 1311, 1314 (11th Cir. 2000). "The elements of wire fraud under 18 U.S.C. § 1343 are (1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme." *United States v. Nixon*, 465 F. App'x 912, 915 (11th Cir. 2012) (quoting *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003)).

Neither the conspiracy charge under § 371 or the target offenses of the conspiracy under §§ 1001(a)(2), 1031, and 1343 required the Government to prove an effect upon competition or consumers as an element of the offenses. Thus, Defendant's predicate offense of conspiracy to make false statements, to commit major fraud against the United States, and to commit wire fraud in violation of 18 U.S.C. § 371 was not exempted by 18 U.S.C. § 921(a)(20)(A). No basis exists, therefore, to dismiss the information on this ground.

Finally, Defendant asserts that 18 U.S.C. § 921(a)(20)(A) and 18 U.S.C. § 922(g)(1) are unconstitutional and 18 U.S.C. § 921(a)(20)(A) is unconstitutionally void for vagueness. The Court concludes that these arguments are without merit. *See, e.g., Coleman*, 609 F.3d at 707-08 ("the business practices exception is not unconstitutionally vague because it requires that the excluded offenses be a specific type of business offense or similar to such specific offenses relating to the regulation of business practices"); *Schultz*, 586 F.3d at 530 (rejecting constitutional challenge to § 921(a)(20)(A)); *United States v. Phillips*, 177 F. App'x 942, 954 (11th Cir. 2006) (rejecting equal protection challenge to § 922(g)); *United States v. Stephens*, No. 1:05-cr-87, 2006 WL 208576, *6 (E.D. Tenn. Jan. 25, 2006) (rejecting equal protection challenge to 921(a)(2)(A)).

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss Information (Doc. No. 87) is **GRANTED** to the extent the Court's Order Denying Motion to Dismiss Information (Doc. No. 86) is **VACATED**.

2. Defendants's Motion to Dismiss Information (Doc. No. 83) is **DENIED** on the

merits.

**DONE AND ORDERED** in Chambers at Orlando, Florida this 7th day of January, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 1/7
Counsel of Record