[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

No. 11-14241
Non-Argument Calendar

---

D.C. Docket No. 6:10-cr-00281-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

EFRAIM DIVEROLI,

Defendant–Appellant.

---

Appeal from the United States District Court
for the Middle District of Florida

---

(March 11, 2013)

ON PETITION FOR REHEARING

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Efraim Diveroli's Petition for Rehearing is DENIED.  However, the opinion of the panel issued on January 30, 2013 is vacated, with this one substituted in its place.

Efraim Diveroli appeals his conviction and sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

## A. BACKGROUND

In June 2008, a federal grand jury returned an indictment charging Diveroli with conspiring to commit offenses against the United States, a felony in violation of 18 U.S.C. § 371.  The district court released Diveroli on bond pending trial.  The terms of the bond agreement warned:

> The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony . . . . This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Diveroli pleaded guilty to the conspiracy charge in August 2009, and in January 2011, he was sentenced to 48-months imprisonment.  Diveroli did not appeal his conspiracy conviction or sentence.

In October 2010, following his conviction for conspiracy but prior to his sentencing, Diveroli was charged with the offense that is the basis of this appeal: possession of a firearm following a previous conviction for a felony, in violation of

2

18 U.S.C. § 922(g)(1). The charging document[1] alleged that on August 20, 2010, during his pretrial release on the conspiracy charge, Diveroli knowingly received one semiautomatic pistol, two semiautomatic rifles, and assorted rounds of ammunition, all of which had been transported in interstate commerce. The information identified Diveroli's prior felony conviction as his August 2009 conspiracy conviction.

Diveroli pleaded guilty to the firearms offense in November 2010. His plea agreement stipulated that at the time he received the firearms, he was a convicted felon, and set forth the factual basis for the offense. It also stated that the maximum penalty for the offense was ten-years imprisonment; that the district court would not be bound by terms of the agreement regarding sentencing; and that the court would be free to impose such sentence that it deemed appropriate, after consideration of the Presentence Investigation Report (PSI) prepared by the Probation Office. The agreement did not discuss possible sentencing enhancements stemming from Diveroli having committed the offense while on pretrial release. Instead, the government expressly "reserve[d] its right and obligation to report to the Court and the United States Probation Office" all relevant factual information, "including the totality of [Diveroli's] criminal activities."

---

[1] For his firearms offense, Diveroli was charged by information. He later waived his right to prosecution by indictment.

3

The agreement also contained a sentence appeal waiver. Diveroli agreed that he waived his right to appeal his sentence, except for on the ground that (1) "the sentence exceed[ed] [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines;" (2) "the sentence exceed[ed] the statutory maximum penalty"; or (3) "the sentence violat[ed] the Eighth Amendment." The agreement also provided that the appeal waiver was void if the government appealed Diveroli's sentence. Finally, the plea agreement contained an integration clause, which stated:

> This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

At his change of plea hearing, the Magistrate Judge explained the terms of the plea agreement to Diveroli. Diveroli affirmed his understanding that, at sentencing, the district court would not be bound by the terms of the plea agreement dealing with sentencing recommendations; that he faced a maximum sentence of ten years imprisonment but his sentencing guideline range was yet to be determined; and that there could be additional consequences to pleading guilty in this case due to his conspiracy conviction. Diveroli also affirmed that he understood the consequences of the appeal waiver and stated his understanding that if the sentencing guideline range or the sentence turned out to be something

different than he expected, he could not withdraw his plea for that reason. After stating his understanding, Diveroli admitted to committing the firearms offense and pleaded guilty.

The Magistrate Judge entered a report finding that Diveroli's guilty plea was knowing and voluntary, and was supported by an independent factual basis. Diveroli did not object. Accordingly, the district court accepted the Magistrate Judge's recommendation and entered Diveroli's plea.

Diveroli's PSI described his offense conduct consistent with the facts outlined in the plea agreement. It also detailed that when Diveroli received the semiautomatic firearms from undercover agents, he came within close proximity of large capacity ammunition magazines for the firearms, sufficient to warrant an enhancement of his base offense level to 20 under USSG § 2K2.1(a)(4)(B). The PSI then added a two-level increase because Diveroli's offense involved at least three, but not more than seven firearms, pursuant to § 2K2.1(b)(1)(A), and a three-level increase because he committed the offense while on release in connection with the conspiracy charge, pursuant to § 3C1.3. Diveroli also received a two-level reduction for acceptance of responsibility under § 3E1.1(a), and a one-level reduction for assisting the investigation of the offense, under §§ 3E1.1(a) and (b). Based on a total offense level of 22 and a criminal history category of II, Diveroli's applicable guideline range was 46 to 57-months imprisonment.

Diveroli objected to his base offense level as calculated by the PSI, arguing that the firearms he received did not meet the definition of semiautomatic firearms capable of accepting large capacity magazines. Specifically, he argued that high capacity magazines were not in close proximity to the firearms that he handled. Additionally, he objected to the three-level increase pursuant to § 3C1.3, because he was not specifically charged with having committed a felony while on pre-trial release under 18 U.S.C. § 3147.

The district court overruled Diveroli's objections, determined that the PSI's recommended offense level and criminal history category were correct, and sentenced him to 48-months imprisonment, 24 months to run concurrent to Diveroli's sentence for his conspiracy conviction, and 24 months to run consecutive to that sentence. The court then clarified that the 24-month sentence to run consecutively consisted of 12 months for the instant offense, and 12 months for having committed a felony while on release for his conspiracy charge, as required by § 3147. The district court sentenced Diveroli, and this appeal followed.

## B. DISCUSSION

For the first time on appeal, Diveroli argues that his plea was not knowing and voluntary, and that the government breached his plea agreement by failing to specify in the agreement that it would seek application of § 3147 and certain

6

sentencing guidelines enhancements.  He challenges his sentence on a number of grounds.  We consider each of Diveroli's arguments in turn.

1.

Diveroli's first claim is that his plea was not knowing or voluntary because neither the district court nor the government warned him that he would be subject to an additional sentence under 18 U.S.C. § 3147, and a sentencing enhancement under USSG § 3C1.3.

Diveroli did not object to the Magistrate Judge's Rule 11 colloquy or to the Magistrate Judge's report finding that his plea was knowing and voluntary.  When a defendant raises a Rule 11 claim for the first time on appeal, we review for plain error.[2]  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  To establish plain error, Diveroli must show: (1) error; (2) that is plain; (3) that affected his substantial rights.  Id.  "If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (quotation marks and alterations omitted).  Under the prior panel precedent rule, we are bound by earlier panel holdings unless and until they are overruled by this

---

[2] It appears that this Court has not, in a published opinion, addressed whether under Federal Rule of Criminal Procedure 59 a defendant waives a challenge to the knowing and voluntary nature of his guilty plea if he failed to object to the Magistrate Judge's report that the plea complied with Rule 11. We need not address this Rule 59 issue here, however, because for the reasons explained, Diveroli has failed to show plain error. See United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).

7

Court sitting en banc or by the Supreme Court. United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997).

We reject Diveroli's argument that his plea was not knowing or voluntary because he was not warned regarding the possibility of an additional sentence under § 3147, and a sentencing enhancement under § 3C1.3. We have previously rejected a similar claim that the district court committed plain error by failing to notify the defendant at his plea colloquy that § 3147 and its corresponding Guidelines provision, § 2J1.7—§ 3C1.3's predecessor[3]—would apply at sentencing. United States v. Tyndale, 209 F.3d 1292, 1296 (11th Cir. 2000); see also United States v. Bozza, 132 F.3d 659, 661 (11th Cir. 1998) (concluding that the district court was not required to notify the defendant of potential sentencing enhancements prior to accepting his guilty plea). Neither this Court sitting en banc, nor the Supreme Court has overruled Tyndale or Bozza. Therefore, we are bound by our Circuit's precedent and conclude that the district court did not commit plain error when it accepted Diveroli's plea.

2.

---

[3] In November 2006 § 2J1.7 was deleted from the Guidelines and § 3C1.3 was added. See USSG App. C, Amend. 684. Like the former § 2J1.7, § 3C1.3 provides for a 3-level increase in the offense level if a statutory sentencing enhancement under 18 U.S.C. § 3147 applies to the defendant's case. USSG § 3C1.3. Amendment 684 to the Sentencing Guidelines explains that the enhancement provision was moved from Chapter Two to Chapter Three in order to ensure that the "enhancement is not overlooked and is consistent with other enhancements in Chapter Three, all of which apply to a broad range of offenses." USSG App. C, Amend. 684 comment. (backg'd.).

Next Diveroli argues that the government's failure to include in the plea agreement the possibility of certain sentencing guidelines enhancements, coupled with its advocacy for imposition of the § 3147 sentence, was a breach of the agreement. Diveroli contends that had he known he would be subject to these sentence enhancements, he would have gone to trial.

Because Diveroli also raises this argument for the first time on appeal, we review whether the government breached the plea agreement for plain error only. See United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002). "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992). However, even if it is arguable that the government misled Diveroli and that Diveroli plausibly misunderstood the plea agreement, "we cannot enforce an agreement that was never agreed on with specificity." United States v. Al-Arian, 514 F.3d 1184, 1193 (11th Cir. 2008) (quotation marks omitted).

The plea agreement here did not address the possibility of a § 3147 sentence. Nor did it discuss the guidelines enhancements to which Diveroli now objects, specifically USSG §§ 2K2.1(a)(4) and 3C1.3. On the other hand, the agreement

9

included an integration clause stating expressly that the "plea agreement constitutes the entire agreement between the government and the defendant" and that "no other promises, agreements, or representations exist." The omission of any reference to the enhancements to which Diveroli objects, coupled with the integration clause means that Diveroli could not reasonably assume that the government would not seek these sentence enhancements, if they applied. See Al-Arian, 514 F.3d at 1192–93 (noting the inclusion of an integration clause in the plea agreement to reject the appellant's argument that the government implicitly agreed to certain terms).[4] Therefore, the government did not breach the terms of the plea agreement.

### 3.

Finally, Diveroli argues that, for a number of reasons, his sentence must be vacated even if his conviction is affirmed. These arguments include that: (1) the district court's imposition of a § 3147 sentence violated his Fifth and Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); (2) § 3147 is unconstitutionally vague; (3) the § 3147 sentence was illegal because he was never charged with violating § 3147 and did not plead guilty to it; (4) the court erred in its construction of § 3147 and USSG § 3C1.3; and (5) the

---

[4] This conclusion is further supported by the agreement's reserve clause, expressly obligating the government "to report to the Court and the United States Probation Office" all relevant information concerning the "the totality of [Diveroli's] criminal activities, . . . not limited to the count to which [Diveroli] pleads."

government manipulated and concealed facts in order to argue for the imposition of a § 2K2.1(a)(4)(B) enhancement to his base offense level.

Normally, we review the district court's interpretation of the Guidelines <u>de novo</u> and its factual findings for clear error. <u>United States v. Jordi</u>, 418 F.3d 1212, 1214 (11th Cir. 2005). Constitutional challenges to a sentence are also ordinarily reviewed <u>de novo</u>. <u>United States v. Chau</u>, 426 F.3d 1318, 1321 (11th Cir. 2005). Here, however, the government asserts the appeal waiver in the plea agreement as a bar to review of Diveroli's claims. We will therefore first review the validity of the appeal waiver. <u>See</u> <u>United States v. Johnson</u>, 541 F.3d 1064, 1066 (11th Cir. 2008).

We review the validity of an appeal waiver <u>de novo</u>. <u>Id.</u> An appeal waiver will be enforced if it was made knowingly and voluntarily. <u>See</u> <u>id.</u> To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record ensures that "the defendant otherwise understood the full significance of the waiver." <u>See</u> <u>id.</u>

Here, the record indicates that the Magistrate Judge specifically questioned Diveroli about the waiver during the plea colloquy and that Diveroli understood its full significance. The plea agreement spelled out the waiver with specificity, and the Magistrate Judge explained the waiver and its exceptions to Diveroli when he

changed his plea to guilty. Diveroli affirmed that he understood the waiver, and ensured the Magistrate Judge that he intended to give up his right to appeal his sentence on all grounds except that (1) his sentence exceeded his applicable guidelines range as determined by the district court; (2) his sentence exceeded the statutory maximum penalty for his offense; (3) his sentence violated the Eighth Amendment; or (4) the government appealed his sentence. Because Diveroli's waiver was made knowingly and voluntarily, and none of his arguments regarding his sentence satisfy its exceptions, he is barred from raising these challenges on appeal.

## C. CONCLUSION

For these reasons, Diveroli's conviction and sentence is

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 11, 2013

**MEMORANDUM TO COUNSEL OR PARTIES**

Appeal Number: 11-14241-EE
Case Style: USA v. Efraim Diveroli
District Court Docket No: 6:10-cr-00281-GAP-KRS-1

On April 1, 2013, this Court will begin **MANDATORY electronic filing**. All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Lois Tunstall, EE at (404) 335-6224.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion